| 83  | 367 |
| 109 | 459 |

| 83  | 367 |
| 136 | 112 |

## PETRONELLA ERICKSON, Appellee, V. BARBER BROS. et al., Appellants.

1.  **Practice:** DISTRICT COURT RULES: TRIAL NOTICES: CAUSES CONTIN-
    UED BEFORE ANSWER.  District court rule number 2, requiring that
    parties desiring to bring a cause, once continued, on for trial shall
    file with the clerk a notice of trial at least ten days before the term, is
    not applicable to cases continued before answer is filed.

2.  **Negligence:** PERSONAL INJURY: TESTIMONY OF PHYSICIAN.  In an
    action to recover damages on account of injuries sustained through
    the negligence of the defendant, it is competent for a physician, who
    has treated the plaintiff for such injuries, to testify as to the location
    thereof, whether they have been recovered from, and, if not, whether
    that fact would indicate that the injuries were permanent.

3.  ———: ———: LIVERYMEN: DEFECTIVE APPLIANCES: EVIDENCE.  The
    plaintiff employed the defendant, who was a liveryman, to convey
    her to a place named, and claimed that in the course of the journey
    she was thrown from the wagon employed for that purpose by reason
    of a defective fastening, which was designed to secure the seat which
    she occupied to the bed of the wagon.  *Held*, that witnesses who did
    not see the fastening at the time of the accident, but who saw it when
    it was in the same condition as when the plaintiff was injured, were
    properly allowed to testify as to its condition.

4.  ———: ———: ———: INSTRUCTIONS TO JURY.  It being the theory
    of the plaintiff that the defendant was a common carrier when
    employed by her, she sought to prove such fact by introducing in
    evidence, against the objection of the defendants, the latter's adver-
    tisement in a local newspaper as liverymen.  *Held*, that the court
    properly refused to instruct the jury, at the request of the defendants,
    that "the fact that the defendants were liverymen cut no figure in
    the case."

5.  **Practice in Supreme Court:** VERDICT: EVIDENCE.  Where the
    evidence is so conflicting that the jury might well have found a verdict
    in favor of either party, the verdict of the jury will not be disturbed
    upon appeal.

*Appeal from Hancock District Court.* — HON. G. W.
RUDDICK, Judge.

SATURDAY, OCTOBER 10, 1891.

· ACTION to recover damages on account of personal
injuries sustained by the plaintiff, and alleged to have
been caused by the negligence of the defendants.
There was a trial by jury, and a judgment in favor
of the plaintiff. The defendants appeal.—*Affirmed.*

*W. E. Bradford*, for appellants.

*Ripley & Osborne* and *Wesley Aldridge*, for appellee.

ROBINSON, J.—The defendants, at the time of the
transactions in question, were engaged at Britt, as
liverymen, in carrying passengers for hire. In May,
1889, the plaintiff engaged the defendants to convey
her from Britt to a place in the country, several miles.
distant. An open, two-seated buggy was selected.
The plaintiff occupied a part of the rear seat, one of
the defendants acting as driver, and the journey was
commenced. Before it was completed, in crossing a
small culvert, the plaintiff was thrown from the buggy,.
and received the injuries of which she complains. She
alleges that the defendants were negligent in not pro-
viding a safe vehicle, in that the seat she occupied was.
not properly fastened, and in not driving the team
properly. The answer contains a general denial, and
alleges that the plaintiff contributed to the injuries in
question by her own negligence. The jury returned a
verdict in favor of the plaintiff for eight hundred dol-
lars. On the hearing of a motion for a new trial, the
district court ordered that it be sustained unless the
plaintiff should consent to a reduction of the amount
of her recovery to five hundred dollars. The plaintiff
thereupon consented to such reduction, and judgment
was then entered in her favor for five hundred dollars.
and costs.

I.   The petition in this case was filed in September, 1889.   At the October term of court of that year

**1. PRACTICE: district court rules: trial notices: causes continued before answer.** the defendant appeared, and filed motions to strike from the petition and for a more specific statement.   The motions were sustained, and an amendment to the petition was filed.   The cause was then continued, with leave to the defendants to answer by the first day of the next December term.   The answer was filed in vacation, more than ten days before the December term.   Rule 2 of the rules of practice, adopted by the convention of district judges held pursuant to the requirements of section 11, chapter 134, Acts of the Twenty-first General Assembly, is as follows:

"In any case, once continued, where an answer is on file, either party desiring to bring such cause on for trial at any time shall, at least ten days before such term, file with the clerk a notice of trial, and no such cause shall stand for trial unless a trial notice be so filed, except by consent of parties: provided, that, after the commencement of the term, the court may, in its discretion, by order entered of record, permit notices of trial to be entered in the same manner, ten days prior to such date as the court may name in such order.   Such order may be general, and not entered of record in each particular case; and the clerk, in preparing the court calendars, shall note thereon, opposite the title of each cause noticed for trial, 'For trial,' which words shall also appear on the printed calendar. This rule shall not apply to appearance or criminal cases, nor to proceedings in probate."

In this case no trial notice was ever filed, and for that reason the defendants objected to going to trial at the December term.   The objection was overruled, and the defendants were compelled to go to trial at that term. They now complain of that ruling, and insist that the

rule quoted applies to all continued cases in which an
answer is on file ten days before the next term of court,
and that since the answer in this case was on file
November 20, 1889, and the first day of the next term
of court was on the third day of the next month, they
were entitled to a trial notice, and could not be com-
pelled, lawfully, to go to trial without it.   The rule
does not apply to any case at the term at which the
defendant is first required to appear, yet, under the
rules of practice in force in this state, the parties to all,
excepting some equitable actions, are entitled to have
the issues settled and the cause tried at the appearance
term, unless grounds for a continuance exist.   Code,
secs. 2635, 2636, 2691, 2744, 2745.   When a case has
been continued before the issues are settled, there is no
more reason for requiring a trial notice than there is to
require such a notice before the appearance term.   It
is a matter of common knowledge that many cases are
continued from term to term after the issues are settled,
the parties in interest not caring to have them tried.
In such a case, both parties having consented to a con-
tinuance, it is just that either one who wishes a trial
shall give notice of that fact.   We think the rule under
consideration was adopted largely on account of cases
of that kind, although its language is so broad as to
include others.   In a very large proportion, and in
probably a majority, of cases, the issues are joined by
petition and answer.   In a large share of the cases in
which that is not true, the filing of the answer informs
the plaintiff of the defenses he is to meet.   In view of
these facts, and of the rights of the parties at the
appearance term, and the practice of continuing cases
by agreement to which we have referred, we think the
words, "where an answer is filed," refer to the condi-
tion of the case at the time of the continuance, and
that the rule does not apply to a case in which the
answer was filed after the continuance was had.   We

·conclude, therefore, that a trial notice was not required in this case, and that it was properly set down for trial at the December term.

II.   There was evidence which tended to show that the plaintiff was injured in the back and hips by the accident of which she complains.   The

2. NEGLIGENCE: personal injury: testimony of physician.

physician who treated her was asked if she had sustained such injuries, and had not, at the time of the trial, recovered from them, whether that fact would be any indication that the injuries were permanent.   We think he was properly permitted to answer the question.   He knew the age and condition of the plaintiff, and was qualified to. express an opinion as to the extent of her injuries, and the time required for her to recover from them, if they were of a transient nature, and what her failure to recover from them during the time which had elapsed when he testified would indicate, if anything, as to their character.

III.   The plaintiff claims that she was thrown from the buggy in part by reason of a defective fasten-

·3. ——: ——: liverymen: defective appliances: evidence.

ing, which was designed to secure the seat which she occupied, to the bed of the buggy.   The jolt, caused by crossing the culvert, when the accident occurred, threw the seat out, and it is claimed by the plaintiff that, had the seat been properly secured, the accident would not have happened.   The appellants complain of certain testimony, given on the part of the plaintiff, to show the condition of the fastening, on the ground that the witnesses did not see the fastening at the time of the accident, and, therefore, could not have known its condition at that time.   But there was evidence which tended to show that the fastening was in the same condition at the time of the accident that it was when it was observed by the witnesses, and their testimony was, therefore, properly admitted.

IV. The petition was drawn, and the trial of the case was for a time conducted by the plaintiff, on the theory that the defendants were common carriers when engaged by her. In an amendment to the petition, it is alleged that the defendants were common carriers at that time. For the purpose of showing that the defendants were common carriers, as charged, the plaintiff was permitted, against the objections of the defendants, to introduce in evidence an advertisement which they had inserted in a paper published at Britt, in which their name was given, and their business as keepers of a livery, sale and feed stable at Britt was indicated. The advertisement also contained the following: "First-class accommodations. Careful drivers furnished when desired. Give us a call." The defendants asked the court to instruct the jury as follows: "1. The fact that defendants were liverymen cuts no figure in this case. They were not common carriers of passengers, like a railway or stage-coach line." The instruction was refused, and of that refusal, and of the failure of the court to instruct the jury in regard to common carriers, the defendants complain. It cannot be said that the fact that the defendants were liverymen "cuts no figure in the case." Even though their liability was not that of common carriers, yet the fact that they engaged as liverymen to carry the plaintiff to her destination, for hire, created an obligation of care and diligence on their part, greater than might have existed under other circumstances. The court did not charge the jury that the defendants would be liable as common carriers, but that they were required to use ordinary care and diligence in discharging their obligations to the plaintiff, including ordinary care and skill in driving the team. The rule, as announced to the jury, was as favorable to the defendants as they were entitled to have it stated, and we do not understand that they complain of it.

*4. —: —: —: instructions to jury.*

Since the jury were correctly instructed as to what facts must have been proven to entitle the plaintiff to recover, it was not necessary to instruct them in regard to a degree of liability not really involved in the case. Under the charge as given, the defendants could not have been prejudiced by the fact that the court did not instruct in regard to their liability as common carriers, averred in the petition, and the statement of the plaintiff, in offering the advertisement, that it was designed to show that they were common carriers. Those matters were necessarily as much eliminated from the case by the charge given as they would have been had the court referred to them specifically.

V. The appellants criticise portions of the charge, and complain of rulings in regard to the admission of 
5. PRACTICE in supreme court: verdict: evidence: 
evidence, and in refusing to give instructions asked. None of the questions thus presented are of sufficient importance to justify a separate discussion of them. We do not think any of the objections of the appellants are well founded. There was much conflict in the evidence, and the jury might well have returned a verdict in favor of the defendants. But, in our opinion, there is sufficient evidence to sustain the verdict rendered. The court did not err in its rulings as to the proper elements of damage involved in the case, and its charge to the jury was fair to the defendants.

We discover no error which would justify a reversal of the judgment of the district court. It is, therefore, AFFIRMED.