UTICA-CLAYVILLE BUS COMPANY, Respondent, *v.* CHARLES R. WAITE, Appellant.

Fourth Department, September 30, 1931.

*Southworth & Malone* [*M. F. Malone* of counsel], for the appellant.

*Bray & Ryan* [*James M. O'Hara* of counsel], for the respondent.

THOMPSON, J. Plaintiff is an omnibus corporation. It has the required consents and a certificate of convenience and necessity from the Public Service Commission. It has sued defendant, alleging in its complaint that he has engaged in the business of carrying passengers for hire and has become a common carrier of passengers between various points and places along and upon plaintiff's route; that he unlawfully operates, conducts and runs a motor omnibus line, stage route, motor vehicle line and route in competition with plaintiff without having obtained a certificate of public convenience and necessity from the Public Service Commission and without having obtained the consents of the city of Utica and other municipalities through which he (defendant) runs his line, and demands an injunction. Upon the complaint

and two affidavits an order to show cause was granted, returnable on July 6, 1931, why an injunction should not then be granted.

The complaint and the affidavits are barren of allegations of fact showing the actual carrying of passengers for hire by the defendant and consist exclusively of allegations of conclusions to the effect that he operates a public motor business line for hire or stage route over plaintiff's route, making regular trips with designated times of departure and arrival. To meet plaintiff's charges at Special Term defendant submitted affidavits denying the allegations and charges found in the complaint and plaintiff's affidavits, and showing that he has an arrangement with seven individuals to carry them to and from their work, calling for them at their respective homes, delivering them to the place of their employment, returning for them at the end of the day, and carrying them back to their homes, for which service each of the seven individuals pays him a flat rate of three dollars per week, and that this composes the entire business he accepts, invites or conducts over this route. It is not disputed that although defendant has an approximate regular time of departure upon his morning trip, he has no regular time for the afternoon trip, his passengers informing him by telephone of the hour when they will be ready and he governing himself according to the intelligence he receives in this manner.

Upon these facts the Special Term has held that defendant is wrongfully conducting an omnibus line in unfair competition, which results in irreparable damage to plaintiff, and has granted an injunction order against defendant, from which he appeals to this court.

We hold the opinion that upon the facts as they appear defendant is not engaged in operating a stage, omnibus or motor vehicle line or route nor a vehicle in connection therewith in competition with plaintiff and contrary to the provisions of the law in this respect. The arrangement between the defendant and his passengers is the usual advance hiring of a taxicab operator by a private passenger for a definite trip. Defendant serves no other clientele nor does he hold himself out to the public or attempt to acquire other customers. He is no more a competitor of plaintiff than he would be if he himself was employed at Clayville and drove there and back in his own car. In no sense contemplated under the provisions of the Transportation Corporations Law, the Public Service Law or any rule prescribed for the operation of omnibus lines does he serve the public. (Transp. Corp. Law, §§ 60, 65, 66; Pub. Serv. Law, § 2, subd. 9, as amd. by Laws of 1917, chap. 805, and Laws of 1930, chap. 782; Id. § 2, subd. 28, as added by Laws of 1931, chap. 531.) He has no regular time or place of leaving

or stopping; he has no schedule of prices for the public; he does not hold himself out as a common carrier or solicit, or render himself willing to serve, the public in any of the respects here under consideration. There is no word in the record from which an inference can be drawn that defendant in any wise encroached upon the business of the plaintiff. He does not attempt to engage, nor does he accept the regular or transient public for his customers. He undertakes a definite patronage by force of a private contract and serves it and it alone. In no way does he duplicate or trespass upon the service and business legally belonging to plaintiff or coming within the provisions of law which plaintiff invokes in the asking of this unusual relief. In such case it seems to us unjust that the defendant, pending the trial of this action, should be deprived of the use of the public highways of the State and his inherent right to carry on a legitimate business.

In the case of *Anderson* v. *Fidelity & Casualty Co.* (228 N. Y. 475), plaintiff stepped into a taxicab standing at the curb awaiting engagements, reaching his destination and attempting to alight he stumbled and fell and was seriously injured. The question before the court was whether or not the taxicab in which he received his injury was a public conveyance provided by a common carrier for passenger service within the meaning of defendant's policy which was being sued upon. In holding that the taxicab was a public conveyance in the circumstances, Chief Judge HISCOCK, in a concurring opinion, said: " We then come to the remaining question whether the Yellow Taxicab Service was a ' common carrier ' for passenger service in respect of the taxicab in which plaintiff was riding at the time he received his injuries. And again in this connection it may be stated that the status of the company in respect of such a cab and in respect of those stationed in its garage and employed by and on special call for special purposes is not necessarily the same. I think and for the purposes of this discussion shall assume that as to such latter taxicabs it would more nearly have the character of a liveryman and would not be a common carrier. (*Stanley* v. *Steele,* 77 Conn. 688; *McGregor* v. *Gill,* 114 Tenn. 521; *Siegrist* v. *Arnot,* 86 Mo. 200, 205; *Erickson* v. *Barber,* 83 Iowa, 367; *Copeland* v. *Draper,* 157 Mass. 558; *Conn* v. *Hunsberger,* 224 Penn. St. 154.) "

The reasoning of the learned jurist applied here shows clearly that defendant was not engaged in operating an omnibus line for the public, and thus he is not amenable to the statutes in regulation of such business.

" A common carrier is one who professes to carry * * * for all who apply." (2 Williston Cont. 1995.)

300

It is not sufficient to charge a defendant as a common carrier unless he shall hold himself out to be such. (*Allen* v. *Sackrider*, 37 N. Y. 341.)

Defendant's contractees, and others so situated, are entitled to a private conveyance to carry them to and from their work at their convenience, if they want it. Can it be said that the rendering of such service in pursuance of such right is the operation of a motor omnibus line for the public? We think not.

The order should be reversed, with ten dollars costs and disbursements, and the injunction dissolved, with ten dollars costs.

All concur. Present — SEARS, P. J., CROUCH, EDGCOMB, THOMPSON and CROSBY, JJ.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.