SOUTH BROOKLYN RAILWAY COMPANY, Plaintiff, *v.* MAX SCHAYES and Others, Defendants.

Supreme Court, Kings County, April 2, 1936.

*George D. Yeomans* [*W. Harry Sefton* of counsel], for the plaintiff.

*A. Albert Solomon,* for the defendants.

CROPSEY, J. This action is for an injunction. The plaintiff owns and operates at Coney Island a railway which extends from Stillwell avenue to Sea Gate. The defendants own taxicabs which they operate upon Mermaid avenue, which runs parallel to the plaintiff's railroad and only a few hundred feet from it. It is admitted that none of the defendants has obtained the consent of the Transit Commission or of the local authorities, as that term is defined in the Railroad Law of the State. Each of the defendants' automobiles has been licensed as a taxicab and it is defendants' contention that no other consents need be obtained. It is not necessary to determine now whether the defendants could operate their taxicabs as such without the other consents if they charged fifteen cents or less per passenger within the city limits, though under the provisions of the statute, shortly to be referred to, this would seem not to be permissible. It is not necessary to pass on that question here, because the proof establishes that while the defendants' automobiles were licensed as taxicabs, they were not being operated as such. They were taxicabs in name but not taxicabs in fact. They were equipped with meters and the flags would be turned down when the passengers were received, but fares were not collected on the basis of the amounts registered. On the contrary, the fares paid bore no relation to that amount. The charge made and collected was one of five cents a passenger for conveyance between Sea Gate and Stillwell avenue or any portion of that distance. The taxicabs were not hired by one person. Sometimes they were used by but one individual, but often they were used by five. The fare charged was not for the use of the taxicab for the distance traveled, but was for carrying each passenger, and each passenger paid his own fare. In fact, the defendants were operating a jitney service and their cars were not being used as taxicabs. The situation

in legal effect was the same as if the defendants' cars had not been licensed as taxicabs.

The operation in question was in violation of the statute. Section 65 of the Transportation Corporations Law provides: " Any person or corporation owning or operating a stage, omnibus line or motor vehicle line or route or vehicles described in the next succeeding section of this article wholly or partly upon and along any street, avenue or public place in any city shall be deemed to be a ' common carrier ' as that term is used in the Public Service Commission Law, and shall be required to obtain a certificate of convenience and necessity for the operation of the route or vehicles proposed to be operated, and shall be subject to all the provisions of such law applicable to common carriers."

The next succeeding section referred to in the above is section 66. That reads in part: " No stage, omnibus line, stage route, motor vehicle line or route, nor any vehicle in connection therewith, and no vehicle carrying passengers at a rate of fare of fifteen cents or less for each passenger within the limits of a city or in competition with another common carrier which is required by law to obtain the consent of the local authorities of such city to operate over the streets thereof shall be operated wholly or partly upon or along any street, avenue or public place in any city, nor shall a certificate of public convenience and necessity be issued therefor, until the owner or owners thereof shall have procured, after public notice and a hearing, the consent of the local authorities of such city, as defined by the Railroad Law, to such operation, upon such terms and conditions as said local authorities may prescribe."

The foregoing provisions are very broad. They cover omnibuses but they also apply to any vehicle carrying passengers at the rate of fifteen cents or less for each passenger within the limits of a city, or carrying them in competition with another common carrier which is required by law to obtain the consent of the local authorities. The meaning of the above sections is very plain and it is not surprising that the courts have held that they mean just what they say. (*Public Service Commission* v. *Hurtgan,* 91 Misc. 432; *United Traction Co.* v. *Smith,* 115 id. 73; *People ex rel. Weatherwax* v. *Watt,* Id. 120; affd., 197 App. Div. 929; *International Railway Co.* v. *Barone,* 246 id. 450; *Brooklyn City R. R. Co.* v. *Whalen,* 191 id. 737, at pp. 743, 744; affd., 229 N. Y. 570, and the following unreported cases: *Tilton* v. *Syracuse Auto Rental Taxicab Corp.,* U. S. Dist. Ct., N. Dist. N. Y., No. 2187 in equity, opinion by BRYANT, D. J., dated Sept. 7, 1932; *International Railway Co.* v. *Jaggard,* Sup. Ct., Erie Co., opinion by CROSBY, J., dated Sept. 6, 1922.) (The last mentioned unreported opinions are found appended

to appellant's brief to the Appellate Division in the case of *International Railway Co.* v. *Barone*, above cited. The papers upon that appeal are in the law library in Brooklyn.)

The *International Railway Company* case is a recent one and considers the same questions that are here involved and disposes of them adversely to the defendants' contention. It is not necessary that defendants' operation should be in competition with plaintiff, although this is found to be the fact. It may also be assumed that sections 65 and 66 of the Transportation Corporations Law do not apply to taxicabs unless they charge fifteen cents or less for passengers. The defendants' argument is predicated, in the main, upon the assertion that the defendants' cars are being operated as taxicabs. But this, all the credible proof shows, is not the fact.

Another principal contention of the defendants is that section 60 of the Public Service Law is applicable and affects this case. That section reads: " The provisions of this article shall apply to omnibus lines, omnibus corporations and omnibuses with a carrying capacity of more than seven persons."

As the proof shows, the defendants' cars did not carry more than seven passengers. The claim apparently is made that, even if those cars may be called omnibuses, the provisions of the Transportation Corporations Law do not apply. This entire contention seems to be without a predicate. Section 60, first quoted, does not purport to define an omnibus as a vehicle which has a carrying capacity of more than seven passengers. That section merely provides that the provisions of the article in which it is found (Art. 3-A) do not apply to omnibuses which have a capacity of only seven passengers or less. The provisions of article 3-A relate to many matters that affect the operation of omnibuses, and were enacted a few years ago after a serious accident had occurred. They are not, however, the provisions of the statute requiring the obtaining of the necessary certificates and consents.

Section 53 of the Public Service Law, which is found in article 3 — not article 3-A — requires street railway corporations, or common carriers, to obtain the consent of the proper authorities before beginning operation. The Public Service Law also contains a definition of a common carrier (§ 2, subd. 9). While this does not in terms include omnibuses, that definition is broadened by the provisions of sections 65 and 66 of the Transportation Corporations Law.

As has been shown above, those sections make common carriers of any concern operating a stage or omnibus line, or operating any vehicle carrying passengers at a rate of fare of fifteen cents or

less, or carrying passengers in competition with another common carrier, which is required by law to obtain the consent of the local authorities. Thus not only omnibuses become common carriers but likewise any vehicle carrying passengers for fifteen cents or less within the city limits. Therefore, the defendants' automobiles, used as the proof here shows they were, were common carriers and could not be so operated without a certificate of convenience and necessity, which, concededly, they did not have.

The cases cited by the defendants in support of their contention, with one exception, are not in point.

In *New York State Railways* v. *Monroe Cab Corp.* (134 Misc. 664) the court declined to grant a temporary injunction. The opinion shows that the papers failed to show the solicitation of passengers or that the taxicabs in question were operated as jitneys.

In *Utica-Clayville Bus Co.* v. *Waite* (233 App. Div. 297) the defendant merely carried seven individuals daily to their place of business and return for a flat rate, fixed by the week. The court properly held that he was not engaged in operating a stage or omnibus line.

The opinion of the Attorney-General, reported in 45 State Department Reports, 567, passed upon a question which did not involve sections 65 and 66 of the Transportation Corporations Law.

The one citation that favors defendants' contention is a decision of the Court of Special Sessions, Borough of Brooklyn, made in December, 1935 (one of the justices dissenting) in the case of *People* v. *Archinofsky* (Docket No. 4117-35). The memorandum decision was written by WALLING, J. Apparently the case involved somewhat the same facts appearing upon this trial. That opinion quotes sections 65 and 66 and then adds: " Thus we see that both sections 65 and 66, as above quoted, refer to the Public Service Commissions Law. We turn, therefore, to that law and read it and find section 60 gives the definition of the kind of vehicle to which sections 65 and 66 of the Transportation Corporations Law refers."

This seems to be quite inaccurate. As has been shown above, section 60 of the Public Service Law merely applies to the sections contained in article 3-A of that law. They do not define the character of vehicle to which sections 65 and 66 of the Transportation Corporations Law refer. The opinion goes on to say that the defendant was not operating an omnibus with a carrying capacity of more than seven passengers but was operating a duly licensed taxicab. Seemingly, the fact that the cab was not being operated as a taxicab was overlooked. If the defendant therein

was not violating the law, the statement in the opinion that " the proper remedy in the case at bar is also by injunction " would seem to be out of place, as there could be no injunction unless there be a violation of statute. That decision seems to place an erroneous construction upon the provisions of the statute that are applicable and is clearly at variance with all the other decisions on the question, and hence it cannot be followed.

The plaintiff has the right to bring the action. The proof shows that the defendants' operation was directly in competition with the operation of plaintiff's railroad and that it resulted in the plaintiff's receipts being materially lessened. Even if there were no more proof than that the defendants were common carriers, engaged in transportation paralleling that of the plaintiff's, the latter's right to bring the action would be established. (*Brooklyn City R. R. Co.* v. *Whalen,* 191 App. Div. 737, 744; affd., 229 N. Y. 570.)

The plaintiff is entitled to an injunction. If damages are sought to be recovered, the court will either take proof or refer the matter.

Judgment for plaintiff, with costs.

Settle findings and judgment on notice.