## TILTON v. MODEL TAXI CORPORA-
## TION et al.

District Court, N. D. New York.
June 1, 1938.

Willis H. Michell, of Syracuse, N. Y. (Charles E. Spencer, of Syracuse, N. Y., of counsel), for Trustee.

Saul Kauffman, of Syracuse, N. Y., for Model Taxi Corporation, Star Taxi Corporation, Syracuse City Taxi Corporation, Airflow Taxi Corporation, and Onondaga Taxi Corporation.

Bond, Schoeneck, & King, of Syracuse, N. Y. (Tracy H. Ferguson, of Syracuse, N. Y., of counsel), for A. & B. Taxi Corporation.

BRYANT, District Judge.

Complainant seeks an injunction to restrain defendants, pending the determination of this action, from

1. Operating in the city of Syracuse any motor vehicle for the transportation of passengers at the rate of fare of fifteen cents, or less, for each passenger.

2. From competing with complainant's lines.

The facts in this case are so nearly similar to the facts contained in the case in this court entitled Benjamin E. Tilton and Wallace E. Pierce as receivers of New York State Railways against Syracuse Auto Rental and Taxicab Corporation,[1] in which the court handed down decisions dated June 5, 1931, and Sept. 7, 1932, that the opinions in that case are really controlling. The statements therein made regarding the Syracuse operations of New York State Railways apply here except that the system is operated now by a trustee under section 77B of the Bankruptcy Act, 11 U.S.C.A. §

---

[1] No published opinion.

207, instead of by Equity receivers, and that the Railways, through itself and subsidiary, operates more buses and fewer trolleys. By trolleys and buses, it now covers the city substantially as it did then.

The operations of the defendants, with the exception of defendants Star Taxi Corporation and Airflow Taxi Corporation, are similar enough so that they can be considered collectively.

The defendants, with exception of the two last named, own and operate fleets of taxicabs in the city of Syracuse. They are all of the five passenger sedan type. It is admitted that none of the defendants have obtained certificates of convenience and necessity for the operation of the vehicles. They carry from one to four persons from "anywhere" to "anywhere" within the old city limits for thirty-five cents and from "anywhere" to "anywhere" in the new city limits for fifty cents. They so advertise. None of the cars are metered.

Each of the four defendants has a central office with a telephone number. Each has cars stationed at various designated taxicab stands and at stands located on private property in different parts of the city. In all, there are over sixty public and private stands. All or nearly all of these have telephone booths. When a taxi order comes into the central office, it is, if not cared for there, telephoned to the station nearest the place of call. The drivers at the various stations report to the central office when leaving and returning. Many of the stations and telephones are in the vicinity of complainant's trolley and bus stops, some being not more than five hundred feet distant.

The opposing affidavits state that defendants' taxis do not cruise, and do not solicit business along the streets and avenues of the city; that they depend upon telephone calls and unsolicited "hailings." They also state that the drivers do not accept split fares; that only one person pays the thirty-five cents or the fifty cents. They do, however, admit that after taking a person into the cab, the drivers will, at his request, stop at various places to pick up from one to three additional persons without additional charge, and also, at his request, will stop at various places without additional charge to let persons out. They advertise "no split fares accepted" and person "renting car responsible for taxicab rental".

The rate of fare on all or many of complainant's lines is ten cents or, through the purchase of tokens, six rides for forty-five cents.

In the case above cited, I held that Sections 65 and 66 of the Transportation Corporations Law of the State of New York, Consol.Laws, c. 63, prohibited taxicabs from being operated in the city of Syracuse for a rate of fare of fifteen cents, or less, per passenger or in competition with complainant without having first obtained the required certificate. No authorities or arguments have been presented which compel me to change or modify my holding. In fact, my decision has been fortified by International Railway Company v. Barone, 246 App.Div. 450, 284 N.Y.S. 122, and the dicta in South Brooklyn Railway Company v. Schayes, 159 Misc. 647, 287 N.Y.S. 932. The opinions in these two cases so completely answer the arguments of defendants' counsel on this point that further discussion is unnecessary.

The four defendants rest their opposition to the application upon two inconsistent theories.

One is that they are conducting a legitimate taxicab business and are, therefore, outside of the provisions of the statute cited. I have already held the opposite. (My decision cited above.)

The other is that they are not conducting a taxicab business (as the term is usually used), but rather for each trip are renting the taxi to one particular person. They not only disclaim carrying passengers at any rate, but also disclaim being common carriers. All of the facts refute this theory. The taxicabs are neither limited to use by certain persons nor to special occasions. They are not governed by special terms of hire. They are held out by advertisements, nature of service rendered, and methods of operation as indiscriminate carriers on common terms to such members of the public as apply. The fact that a person taking a taxi controls the vehicle as to direction and contents does not change the character of the transportation. The driver of the machine is in no sense his servant. The occupant or occupants do not become lessees burdened with the liabilities which such a position would carry. They are passengers, riding in accordance with the custom under which taxicabs usually operate. These taxicabs are public conveyances; they are carriers of passengers for hire.

The fact that the owners say they rent the vehicle is inconsequential. The important thing is how they conduct the business, not what they name it.

The opposing papers expressly state that the Airflow Taxi Corporation does not own nor operate any taxis; that it is simply and exclusively a booking agency for some or all of the other defendants. It claims its business to be that of receiving orders for taxicabs and telephoning or transmitting those orders to some of the defendants and receiving commissions therefor.

The opposing affidavits state that the Star Taxi Corporation sold, prior to the commencement of this action, its taxi business but not its cars, to the Model Taxi Corporation, and that it is now engaged in a rental business only. The papers disclose that the business is carried on in two forms, (1) a renting to parties who desire to drive their own cars, not for the carrying of passengers but in the pursuit of their own business or pleasure, and (2) the renting of cars to independent qualified drivers, who pay this defendant so much per day for the use of the car and then operate it as a taxicab. These cars are licensed and insured by defendants as taxicabs. With the first method of operation, I am not here concerned. The second affords too easy a way to avoid any order I may make. Daily rental to different drivers of cars to be used as taxis might make compliance with the provisions of the statute and orders of this court impossible of enforcement.

The stationing of taxis in some sixty odd places, at strategic points, in a city the size of Syracuse, many of the places near trolley and bus stops, and fixing, and widely advertising, rates whereby four persons can ride by "taxi" nearly as cheap, and in some instances more so, as by "bus" or "trolley", constitutes direct competition to complainant, and I so hold.

Complainant may have an injunction pendente lite as follows:

Against defendants Model Taxi Corporation, A. & B. Taxi Corporation, Syracuse City Taxi Corporation, and Onondaga Taxi Corporation restraining them, and each of them, from operating their taxis at a rate of fare of fifteen cents or less per occupant and from continuing advertising so to do.

Against defendant Star Taxi Corporation restraining it from renting its cars to any person or firm to be used for carrying persons at a rate of fare of fifteen cents, or less, for each occupant of the car.

Compliance with these restraining provisions will affect the competition status. I am, therefore, withholding the granting of relief on that phase. Under the facts presented, I deny injunctive relief against defendant Airflow Taxi Corporation.

An order may be presented.