### TILTON v. MODEL TAXI
### CORPORATION et al.
#### No. 325.

Circuit Court of Appeals, Second Circuit.
May 20, 1940.

District Court, alleging that the defendants were operating motor vehicles for carrying passengers for hire in the streets of Syracuse, in violation of law and in competition with him as a common carrier, to his irreparable injury; and he prayed for an injunction. The defendants in their answers admitted the jurisdiction of the court, and the issues were tried on the merits. The court made findings and conclusions in favor of the plaintiff and granted judgment enjoining the defendants as prayed for.

The car and bus lines operated by the plaintiff are operated under franchises and consents from the City of Syracuse and under certificates of convenience and necessity from the New York Public Service Commission. The lines provide adequate service for all parts of the city. The fare is ten cents in cash, or six rides for 45 cents by use of tokens. The defendants operate what they call a taxicab business. Their automobiles carry four persons in addition to the driver. They carry passengers for hire in the city streets, at a charge of 35 cents for one to four passengers anywhere in the old city limits, and 50 cents for one to four passengers anywhere in the new city limits. Their automobiles are kept at stands and stations. They receive passengers at the stands or stations; they also respond to telephone calls and take passengers to any address given. They do not operate on fixed routes. They have no franchise or consent from the city and no certificate of convenience and necessity from the Public Service Commission.

The plaintiff based his claim on sections 65 and 66 of the New York Transportation Corporations Law, Consol.Laws, c. 63.

"§ 65. *Additional persons and corporations subject to the public service commission law.* Any person or corporation owning or operating a stage, omnibus line or motor vehicle line or route or vehicles described in the next succeeding section of this article wholly or partly upon and along any street, avenue or public place in any city shall be deemed to be a 'common carrier' as that term is used in the public service commission law, and shall be required to obtain a certificate of convenience and necessity for the operation of the route or vehicles proposed to be

Saul Kauffman, of Syracuse, N. Y., for appellants.

Willis H. Michell and Charles E. Spencer, both of Syracuse, N.Y., for appellee.

Before SWAN, CHASE, and PATTERSON, Circuit Judges.

PATTERSON, Circuit Judge.

New York State Railways owned and operated street railway properties and bus lines in Syracuse, New York, as well as in other cities. A proceeding was brought in the District Court for reorganization under former section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207, and the plaintiff was appointed trustee. He continued operation of the properties. He commenced this suit in April 1938 in the

operated, and shall be subject to all the provisions of such law applicable to common carriers.

"§ 66. *Consent required.* No stage, omnibus line, stage route, motor vehicle line or route, nor any vehicle * * * carrying passengers at a rate of fare of fifteen cents or less for each passenger within the limits of a city or in competition with another common carrier which is required by law to obtain the consent of the local authorities * * * to operate over the streets thereof shall be operated wholly or partly upon or along any street, avenue or public place in any city, nor shall a certificate of public convenience and necessity be issued therefor, until the owner or owners thereof shall have procured, after public notice and a hearing, the consent of the local authorities of such city, as defined by the railroad law, to such operation, upon such terms and conditions as said local authorities may prescribe. * * *"

The trial court found that the defendants were in competition with the plaintiff for the carriage of passengers in the streets of Syracuse. He also found that the defendants, in taking from one to four passengers for a fare of 35 cents or of 50 cents, were carrying passengers at a rate of fare of less than fifteen cents for each passenger. And he found that the defendants were causing serious and irreparable loss to the business conducted by the plaintiff.

The jurisdiction of the District Court to entertain the suit has engaged our attention, although neither side has raised the point. In the complaint jurisdiction was placed on the ground that the action was ancillary to the reorganization proceeding under section 77B of the Bankruptcy Act. The plaintiff evidently had in mind the rule as to suits brought by receivers in equity, that a suit brought by a receiver may be deemed an appendage of the general receivership cause and so within the jurisdiction of the court that appointed the receiver. White v. Ewing, 159 U.S. 36, 15 S.Ct. 1018, 40 L.Ed. 67; Blair v. Chicago, 201 U.S. 400, 26 S.Ct. 427, 50 L.Ed. 801. That rule does not apply to suits brought by trustees appointed under former section 77B. Under that section the jurisdiction of the District Court was declared in subsection *o* to be the same as in ordinary bankruptcy proceedings; and with

ordinary bankruptcy proceedings it was and still is the law, as provided by section 23, sub. b, of the Act, 11 U.S.C.A. § 46, sub. b, that suits may be brought by the trustee only in the courts where the bankrupt might have brought them if bankruptcy had not intervened, except as the defendant may consent to the jurisdiction and except for suits brought under section 60, section 67 and section 70 of the Act, 11 U.S.C.A. §§ 96, 107, 110. Here the railway company could not have maintained suit against the defendants in the District Court, there being no diversity of citizenship. But section 23, sub. b, is to be taken as a grant of jurisdiction to the District Court of suits brought by trustees in bankruptcy against adverse claimants, provided the defendants consent to be sued there. Schumacher v. Beeler, 293 U.S. 367, 55 S.Ct. 230, 79 L. Ed. 433. In the present case the defendants did consent to be sued in the District Court, by specific concession of the jurisdiction of the court to entertain the action. Accordingly the District Court had jurisdiction to decide the issues. In re Prima Co., 7 Cir., 98 F.2d 952; see also Thompson v. Terminal Shares, Inc., 8 Cir., 104 F.2d 1. In the Chandler Act (11 U.S.C.A. § 502) it is provided that section 23 of the Bankruptcy Act shall not be applicable to proceedings under Chapter X, and it may be that the District Court would have jurisdiction of an action of the present sort brought by a trustee appointed under that chapter, even where the defendant did not consent. The Chandler Act did not take effect until after joinder of issue in the present action, and we see no occasion to discuss whether the jurisdiction of the court has been broadened by the later legislation.

On the merits, we agree with the district judge that the defendants' conduct was in violation of sections 65 and 66 of the Transportation Corporations Law. Those sections regulate operation of "vehicle[s] carrying passengers at a rate of fare of fifteen cents or less for each passenger within the limits of a city"; they also regulate operation of vehicles which carry passengers "in competition with another common carrier which is required by law to obtain the consent of the local authorities * * * to operate over the streets." That these are separate classifications fairly appears from the text of section 66 and has been

repeatedly held by the state courts. Public Service Commission v. Hurtgan, 91 Misc. 432, 154 N.Y.S. 897; United Traction Co. v. Smith, 115 Misc. 73, 187 N. Y.S. 377; People ex rel. Weatherwax v. Watt, 115 Misc. 120, 188 N.Y.S. 559, affirmed, 197 App.Div. 929, 188 N.Y.S. 579; South Brooklyn R. Co. v. Schayes, 159 Misc. 647, 287 N.Y.S. 932. The business conducted by the defendants came within each of the two classifications. While they deny that their system of charging 35 cents in some cases and 50 cents in others for transporting from one to four passengers amounted to a rate of fare of less than fifteen cents a passenger, we think it evident that a charge of less than fifteen cents a passenger was in fact made as often as the defendants carried more than two persons for a joint fare of 35 cents or more than three for a joint fare of 50 cents. It is also plain that the defendants were operating in competition with the plaintiff, another common carrier, who, in the words of the act, "is required by law to obtain the consent of the local authorities * * * to operate over the streets thereof." The trial court found that such competition was prevalent, and there was ample evidence to support the finding. An officer of one of the defendants admitted as much when he testified that as the number of busses operated by the plaintiff increased, the defendants' cabs got less business. The provisions of the Transportation Corporations Law required that consent of the local authorities and a certificate of convenience and necessity be obtained, and concededly the defendants had neither.

The case then is one where the plaintiff was operating street railways and busses under franchises of the local authorities and certificates of the state commission, while the defendants were operating motor vehicles as common carriers without compliance with the statutory requirement as to obtaining consents and certificates, in competition with the plaintiff and to the plaintiff's injury. Without such consents and certificates the defendants are unlawfully on the streets. A common carrier who has a franchise to operate cars or busses and who conducts his business in submission to the regulations laid down by law is entitled to protection against competition at the hands of other common carriers who operate in defiance of the applicable regulations. It makes no difference whether the franchises operated by the plaintiff were exclusive or not. Brooklyn City R. Co. v. Whalen, 191 App.Div. 737, 182 N.Y.S. 283, affirmed, 229 N.Y. 570, 128 N.E. 215; People's Transit Co. v. Henshaw, 8 Cir., 20 F.2d 87; Adam v. New York Trust Co., 5 Cir., 37 F. 2d 826; Wichita Transp. Co. v. People's Taxicab Co., 140 Kan. 40, 34 P.2d 550, 94 A.L.R. 771; New York, N. H. & H. R. Co. v. Deister, 253 Mass. 178, 148 N. E. 590; Memphis Street R. Co. v. Rapid Transit Co., 133 Tenn. 99, 179 S.W. 635, L.R.A.1916B, 1143, Ann.Cas.1917C, 1045; Puget Sound Traction Co. v. Grassmeyer, 102 Wash. 482, 173 P. 504, L.R.A.1918F, 469. The injury to the plaintiff was manifest, and the trial court did not err in granting an injunction.

Judgment affirmed.