ALABAMA MIDLAND RAILWAY CO. v. GUILFORD.

1. Where certain allegations in a petition are expressly admitted in the defendant's answer, and the defendant is allowed, during the trial of the case, to file an amendment (to which is attached the affidavit prescribed by the act of 1897, Van Epps' Code Supp. § 6199) denying such allegations, it is error to refuse to allow the withdrawal from the pleadings of the defendant's admissions, and to charge that defendant is conclusively bound by such admissions and estopped to deny them.   After the admissions have been withdrawn from the pleadings, they can still be offered in evidence against the defendant, though the defendant will have the right to explain and disprove them.

2. In a suit against a railway company for personal injuries brought about by the collision of one of the defendant's trains with a tree which had fallen across the track, where the defendant had introduced evidence tending to show that the tree had stood at a point outside of its right of way, that there had been a severe wind but a few minutes before the collision, that shortly prior thereto the track had been clear, and that the defendant's agents had used all diligence but had not had time or opportunity to inspect the track before the arrival of the train, it was error to refuse a request, properly made, to charge that if the jury believed that these things were true, then no liability would attach to the defendant company for having failed to ascertain

)

that the tree had been blown down, or for not having given the company's servants in charge of the train warning that the tree had fallen across the track.

3. Where error is assigned on the refusal to give a pertinent and legal charge requested in due time, this court will not presume, merely because no copy of the general charge is sent up in the record, that the request was covered by the charge given.

4. In a case of this character, in which the plaintiff alleged several different acts of negligence on the part of the defendant, it was error to charge that if the jury found that the defendant was negligent in any of the particulars alleged by the plaintiff, the defendant would be liable provided the jury found that the plaintiff sustained injury. Under this charge the jury could have found for the plaintiff although they were of opinion that the negligence of which they believed the defendant guilty had not materially contributed to the injury of the plaintiff. In this respect, at least, the charge was erroneous.

Argued January 6, — Decided February 5, 1902.

Action for damages.    Before Judge Spence.    Decatur superior court.    January 14, 1901.

*Hawes & Hawes*, for plaintiff in error.
*Toomer & Reynolds* and *W. M. Harrell*, contra.

SIMMONS, C. J.    It appears from the record that Guilford was an express messenger running on the line of the Alabama Midland Railway Co.    He was injured by reason of the collision of the engine with a tree which had been blown by the wind across the railroad track.    This injury occurred in the State of Alabama.    Guilford brought suit, in Decatur county, Georgia, against the railway company, to recover damages for the injuries.    He alleged that the Alabama corporation had been merged, under the laws of the two States, with a railway corporation of the same name in this State, and that the Alabama Company was operating a line of railroad in this State and had an office and agent in the county in which the suit was brought.    In its answer, filed at the first term, the railway company admitted these allegations as true.    At the trial term it offered an amendment which, in substance, denied these allegations. This amendment was sworn to by an agent of the company, and to it was attached the affidavit prescribed by the act of 1897 (Van Epps' Code Supp. § 6199).    This amendment was allowed.    The defendant then asked leave to withdraw the admissions made in its original answer.    This the court refused to allow, which ruling was assigned as error in the motion for new trial subsequently filed. Error was also assigned on a charge of the court to the effect that

the defendant was bound by the admissions and estopped to deny them.

1. We think the court erred in refusing to allow the defendant to withdraw the admissions made in its original answer. When the affidavit prescribed by the above-cited act is attached to a proffered amendment, the judge has no discretion but must allow the amendment. In *Wynn* v. *Wynn*, 109 *Ga.* 255, it was ruled that "Under the act of 1897 (Acts of 1897, p. 35), a defendant may, as a matter of right, amend his answer if he attach the affidavit therein prescribed." In that case it appeared that the defendant had admitted what he intended to deny and denied what he intended to admit. He offered an amendment, with the proper affidavit attached, and this court held that the trial court erred in refusing to allow the amendment. It was argued here in the present case that the defendant was not hurt by the refusal to allow the admissions to be withdrawn, because the court did allow the amendment above set out and the admissions were afterwards put in evidence by the plaintiff as admissions by the defendant. We think the defendant must have been hurt by the refusal to allow it to amend its answer by withdrawing the admissions made therein. One of its defenses was that there had been no consolidation of the two railway companies, the one in Georgia and the other in Alabama. As the court refused to allow the admissions to be withdrawn, of course the defendant could not introduce evidence to show that its contention was right. It could not introduce evidence to deny an admission which was still in the record as a part of its answer. The court ought to have allowed the withdrawal of the admissions and given the defendant an opportunity to explain how the admissions came to be made, and to disprove them if they were untrue. Their withdrawal would not have prevented the plaintiff from introducing them in evidence as showing prima facie what they admitted; but, as before stated, it would have given the defendant an opportunity to explain and disprove them. See *Lydia Pinkham Med. Co.* v. *Gibbs*, 108 *Ga.* 138. In *Georgia R. & Bkg. Co.* v. *Gardner*, 113 *Ga.* 897, the facts are not reported, but we have examined the record and find that the prescribed affidavit was not made but that the judge exercised his discretion by allowing the amendment offered, and this court refused to interfere. Under the act of 1897 the judge may in his discretion allow an amendment without the affidavit. Where there

is an affidavit, he has no discretion but must allow the amendment. *Wynn* v. *Wynn*, supra.

2. The record discloses that the train of the defendant was wrecked by a collision with a tree which had been blown across its track.   It was alleged in the petition and contended by the plaintiff that the defendant was guilty of negligence in not having ascertained, before this particular train reached the place where the wreck occurred, that the tree was across the track; that the defendant had ample time to ascertain this fact by the use of proper diligence.   The theory of the defense was that the tree was blown down by a sudden and violent windstorm which covered but a narrow path, that but a few minutes had elapsed between the time of the storm and the passage of the train, and that this time was so brief as to give no opportunity, even by the use of the utmost diligence, for the inspection of the track, which shortly before the storm was clear of obstructions.   The defendant made a proper request to charge that if the jury believed that this was the case and that the defendant's agents and employees had used all due diligence, then no liability would attach to the defendant for not having ascertained that the tree had blown down or for not having given warning to its servants in charge of the train that the tree had fallen across the track.   The brief of evidence discloses that there was ample evidence on which to base this charge, and we think the court erred in refusing to charge as requested.   The defendant's witnesses testified that the storm was a violent and unusual one, that within one half an hour after its violence had abated the wreck occurred, and that it was impossible for the track supervisor or any of his assistants, within the time intervening before the passage of the train, to have walked from where they were at the time of the storm to the place where the tree had fallen.   The engineer testified that he kept a sharp lookout, and that it was impossible for him to have seen the tree in time to stop the train.   If this evidence was true, the defendant was not liable for any negligence in this regard.

It was argued by counsel for the defendant in error that, even if the charge requested had been given, the evidence showed that the defendant was negligent in allowing a rotten tree to stand upon its right of way.   Of course, if it allowed a tree to remain upon the right of way in a decayed and obviously dangerous condition — in

such condition that the company in the exercise of due care should have discovered it, and the tree was blown down because of its decayed condition, the principle of law embodied in the request would not absolve the company from liability. The evidence as to these matters was, however, in conflict; some of the witnesses placing the tree upon the right of way, others outside of and beyond it; some of the witnesses testifying that the tree was "cat-faced and doty," and others that the tree was to all appearances perfectly sound and strong. These were matters for the jury. We are not informed upon what theory the verdict of the jury was based. The defendant had the right to have the jury pass upon its theory of the case, and there was evidence upon which to base that theory. The request should, therefore, have been given in charge.

3. It was also contended by counsel for the defendant in error that this court could not deal with this refusal to charge, because the plaintiff in error had not brought up the entire charge given by the court below; that in the absence of the charge given this court would presume that all legal requests were covered. We think this is not the practice of this court. Where the judge certifies to the truth of a ground of error complaining of a refusal to charge, and there is no explanation by the judge that the request was covered by the general charge, this court can not presume that the request was covered either literally or in substance. See, upon a similar subject, *Bryson* v. *Chisholm*, 56 *Ga.* 596.

4. The petition contained five specific allegations of negligence, some of which, even if proved to be true, would not have authorized a recovery. The court charged: "If you find that they were negligent in any of the particulars as set out in the declaration and contended for by the plaintiff, you should find this defendant company liable, provided you find that the plaintiff sustained an injury." We think this charge was entirely too sweeping, and that the exception taken to it is good. As before stated, some of the allegations of negligence would not, even if proved, have authorized a recovery against the defendant. Yet, under this charge, if the jury found any one of them to be true, the defendant would be liable. To state the proposition is to argue it. Further than this, the charge left the jury free to find for the plaintiff because of any such act of negligence, although such act may not have in any wise contributed to the plaintiff's injury.

<em>Judgment reversed. All the Justices concurring.</em>