## MIMS v. JONES et al.

1. A petition seeking specific performance and injunction may be amended, either in form or substance, notwithstanding its allegations are sworn to; and the fact that the plaintiff has obtained a temporary restraining order on the petition prior to his offer to amend is no bar to this right.
2. Where the vendor in a contract for the sale of land has only a bond for titles to the land, and the purchaser by the contract is to pay the maker of the bond, as a part of the purchase-money, the whole or part of a certain debt due him by the holder of the bond, the fact that the vendor does not own the fee-simple title to the land, which fact is known to the purchaser when the contract is made, is not a good ground to defeat an action by him for specific performance. This is true though the written contract between the parties did not disclose the fact that the vendor had only a bond for titles to the land.
(a) The original petition prayed that the defendant be required to transfer to the plaintiffs the bond for titles. An amendment to this prayer was offered and allowed, adding thereto, "or that the defendant Mims be required to execute to petitioners a good and sufficient warranty deed to the land." This amendment by which such addition was made to the prayers of the petition was not subject to the objection that a new cause of action was thereby added.
3. The amendment offered by the plaintiffs was not subject to any of the objections made thereto, and the petition as amended was not subject to any of the grounds of demurrer.

DECEMBER 16, 1910.

Equitable petition. Before Judge Pendleton. Fulton superior court. December 16, 1909.

*J. F. Golightly,* for plaintiff in error.

*Dorsey, Brewster, Howell & Heyman* and *Perry S. Pearson,* contra.

HOLDEN, J. The plaintiffs in error filed their petition, making the following allegations: The plaintiffs and the defendant entered into a contract of which the following is a copy: "Atlanta, Ga., June 2, 1909. Georgia, Fulton County. I hereby agree to pay H. J. Mims, ten thousand ($10,000) dollars, on the following terms, viz.: one thousand ($1,000) dollars cash, and the balance the assumption of a $4,500 loan held by Willis Whipple, and $4,500 due Jan. 1, 1910, without interest, for the following described property, to wit: 23 acres of land situated on the northeast corner of Va. ave. and Whipple ave., and known as a part of the Whipple tract. I have this day deposited with I. C. McCrory, Real Estate Agents, the sum of ten dollars as a part of the above-named purchase-money to bind this trade, a reasonable length of time being allowed for the

examination of titles by my attorney. If said titles are good, I agree to make settlement at once; but if said titles are not good, or can not be made good within a reasonable length of time, the said cash payment is to be returned to me and this trade cancelled. [Signed] A. J. Jones, Jno. R. Dickey, Purchaser.

"I accept the above offer, and guarantee the titles to be good, and agree to pay I. C. McCrory a commission of two hundred and fifty dollars' ($250.00), payable Jan. 1st, 1910. H. J. Mims, owner.

"$10.00. Received of I. C. McCrory, ten dollars as a part of the purchase-money on my 23 acres of land on the N. E. Corner of Whipple Ave., and Va. Ave., in Terrell Park, Fulton County, Ga. June 2nd, 1909. H. J. Mims."

At the time the contract was made the defendant delivered to the plaintiffs, for the purpose of having an examination of the titles to the property made, a bond for titles from Willis Whipple to the defendant, a copy of which bond for titles was attached to the petition. The property referred to in the bond for titles is that referred to in the contract. At the time the contract was made the plaintiffs knew that the defendant only had a bond for titles to the property. The $4,500 loan referred to in the contract "consists of nine promissory notes set out in said bond for titles," payable on the 1st day of January 1910, and on the first of each succeeding January thereafter to January 1st, 1918, inclusive. The principal of the notes (exclusive of the interest included in the same) is $4,500. On June 14, 1909, the plaintiffs, after being satisfied as to the titles to the property, made to the defendant "an unconditional tender of $1,000 cash, in lawful money and legal tender of the United States, and also of a promissory note signed by petitioners, for the principal sum of $4,500, due January 1, 1910, with interest from said last date at 6% per annum, dated June 14, 1909, and payable to H. J. Mims or order, and further offered to assume said $4,500 loan held by Willis Whipple, and offered and agreed to comply with the terms of said contract, and told said Mims they were then ready, willing, and able to comply with and carry out the terms of said contract; and said tender and offer to comply are continuous and continuing; and petitioners were at said time, have been ever since, and are now willing, ready, and able to comply with said contract. But said Mims refused then and still refuses to accept said tender

and refused to accept said $1,000 and said note, and told petitioners he would not accept same and that he would not comply with said contract. Petitioners are ready and willing, and offer, to pay said $1,000, and bring said note into this court, and to comply with the terms of said contract and to abide the orders and decrees of this court in the premises. Said property is very valuable and is rapidly enhancing in value, and petitioners are informed and believe that said Mims is about to transfer and assign said bond for titles and his interest in said property to some person or persons other than petitioners." The defendant is able and it is within his power to comply with the contract. Any damages recoverable because of his violation thereof will not be an adequate compensation to petitioners, and defendant "could not respond to such damages as might be awarded." Plaintiffs prayed that the defendant be required to carry out and comply with the terms of the contract, and for an order compelling specific performance thereof and requiring defendant "to transfer said bond for titles to petitioners." In an amendment allowed by the court this prayer was amended by adding thereto "or that the defendant Mims be required to execute to petitioners a good and sufficient warranty deed to said land." Plaintiffs prayed that the defendant be enjoined, until "the final adjudication of the rights between the parties," from transferring or assigning his bond for titles, or his equity therein, other than by transferring the same to petitioners, and from "changing the status of said bond for titles, or his interest in said property, except by assigning the same to plaintiffs." The defendant filed demurrers. The plaintiffs amended the petition by adding the prayer hereinbefore stated, and by stating that the whole contract between the parties was set out in the writings hereinbefore copied, and by striking from the petition certain allegations to the effect that there were certain parts of the contract actually made which were not set forth in the writings. This amendment was allowed subject to exceptions. To an order refusing to sustain the defendant's objections and strike the amendment, and to an order overruling the demurrers, the defendant excepted.

1. The defendant objected, on several grounds, to the amendment offered by the plaintiffs, one of which was that the petition, being sworn to by both plaintiffs, could not be amended by striking therefrom material allegations. The defendant's counsel especially

contended that this amendment could not be allowed after the plaintiffs had obtained a temporary restraining order on the petition. The Civil Code, § 5097, provides: "All parties, whether plaintiffs or defendants, in the superior or other courts, whether at law or in equity, may, at any stage of the cause, as matter of right, amend their pleadings in all respects, whether in matter of form or of substance, provided there is enough in the pleadings to amend by." Also see sections 5098 and 5045. The plaintiffs had a right to amend the petition in material parts after the temporary restraining order was granted thereon, and the court committed no error in allowing the amendment over the objection above stated.

Where admissions are made in pleadings and are withdrawn or stricken by amendment, they can be used by the opposite party upon the trial as evidence, with the right of the other party to explain or disprove them; but admissions in pleadings, after they are withdrawn or stricken by amendment, can not be used as solemn admissions in judicio so as to work an estoppel on the party making them to deny them, but can only be used as evidence in the way of admissions. *Ala. Midland Ry. Co.* v. *Guilford,* 114 *Ga.* 627 (40 S. E. 794). And see same case, 119 *Ga.* 523 (46 S. E. 655); *Hester* v. *Gairdner,* 128 *Ga.* 531, 538 (58 S. E. 165); *Cooley* v. *Abbey,* 111 *Ga.* 439, 443 (36 S. E. 786); *Lydia Pinkham Medicine Co.* v. *Gibbs,* 108 *Ga.* 138 (33 S. E. 945). After the petition was amended, it was not subject to the demurrer that it appeared that part of the contract agreed upon between the parties was in parol and part was in writing. Nor was it subject to the demurrer that there was no sufficient description of the land in the writings. The court could not say, as a matter of law, that the description was insufficient.

2. Nor was the petition subject to dismissal because it showed on its face that the plaintiffs knew, at the time the contract was made, that the defendant did not have title to the land, but only held a bond for title thereto from Whipple. Where the vendor in a contract for the sale of land has only bond for titles to the land, and by the contract the purchaser is to pay to the maker of the bond, as a part of the purchase-money, the whole or a part of a certain debt due him by the holder of the bond, the fact that the vendor does not own the fee-simple title to the land, which fact is known to the purchaser when the contract is made,

is not a good ground to defeat an action by the purchaser for specific performance. This is true though the written contract between the parties did not disclose the fact that the vendor only had bond for titles to the land. See, in this connection, *Phinizy* v. *Guernsey,* 111 *Ga.* 346, 350 (36 S. E. 796, 50 L. R. A. 680, 78 Am. St. R. 207). The original petition prayed that the defendant be required to transfer to the plaintiffs the bond for titles. An amendment to this prayer was offered and allowed, adding thereto, "or that the defendant Mims be required to execute to petitioners a good and sufficient warranty deed to the land." This amendment, by which such addition was made to the prayers of the petition, was not subject to the objection that a new cause of action was thereby added. Nor was a new cause of action added by striking from the petition certain allegations that certain portions of the contract between the parties were not in writing. The maker' of the bond for titles was not a necessary party to the case. The amendment offered was not subject to any of the objections made thereto, nor was the petition subject to the general demurrer, or to any of the grounds of special demurrer.          *Judgment affirmed. All the Justices concur.*