4889.  PARKER, guardian, *v.* LOVING & COMPANY.

1. A rejected amendment is no part of the record, and an assignment of error upon its refusal can not be considered, unless the amendment is set forth, either literally or in substance, in the bill of exceptions, or attached thereto as an exhibit.

2. Livery-stable keepers who let animals and vehicles for hire are not common carriers of passengers and, as such, bound to exercise extraordinary diligence for the safety of their passengers. They are bound only to exercise ordinary care and diligence, which is such care and skill as prudent and cautious men experienced in the business are accustomed to use under similar circumstances. Under the code of this State bailors for hire warrant "that the thing bailed is free from any secret fault rendering it unfit for the purposes for which it is hired."

3. Where one hires for the use of himself and family a vehicle ordinarily used for the carriage of several persons, the owner owes to each member of the family who uses the vehicle the same degree of care as is owing to the person to whom the vehicle is let; and this is true without reference to whether the owner has actual notice that the vehicle is to be employed for the carriage of any other person than he to whom it is let.

DECIDED AUGUST 25, 1913.

Action for damages; from city court of Americus—Judge Greer presiding. March 24, 1913.

*W. P. Wallis, L. J. Blalock,* for plaintiff.

*Shipp & Sheppard,* for defendants.

POTTLE, J. Parker brought suit, as guardian for an insane person, to recover damages for injuries to his ward, received by being thrown from a vehicle in which she was riding and which had been

let by the defendants to the guardian. It is alleged, that the defendants furnished defective harness, which had been broken and which was tied together with a cotton string; that while driving along the road in a usual and ordinary manner, and without fault on the part of the plaintiff, the string broke and the tongue of the vehicle dropped to the ground, and the horses became frightened and ran away. It is alleged in the petition that the plaintiff's ward was a member of his family, being his sister, and that he hired the vehicle for the purpose of taking his family, including his ward, on a visit to his wife's mother, a distance of some eight or nine miles. The trial judge rejected a proffered amendment to the petition, and sustained a demurrer upon the ground that the petition failed to show any duty owing by the defendants to the plaintiff's ward, and that it also appeared from the petition that the plaintiff could have known of the defects in the harness complained of, and by the exercise of ordinary care could have avoided the consequences of the defendant's negligence. The plaintiff excepted to the rejection of the amendment to his petition, and also to the dismissal of the original petition.

1. The rejected amendment was no part of the record and could not be specified and be brought to this court as such. It is not set out in the bill of exceptions, either literally or in substance, nor attached thereto as an exhibit. Consequently this court can not consider what purports to be a copy of it, embraced in the transcript of the record, and can not determine the assignment of error upon the refusal to allow the amendment. *Taylor* v. *McLaughlin,* 120 *Ga.* 703 (48 S. E. 203).

2. A livery-stable keeper who lets horses and vehicles for hire is not a common carrier of passengers and, as such, bound to exercise extraordinary diligence for the safety of his passengers. The relation between the person to whom the vehicle is hired and the owner is that of bailee and bailor; and the liability of the owner is governed by the rules applicable to such a contract of bailment. He is but a private carrier for hire and required to exercise due care and diligence in performance of the duty imposed upon him by the contract; that is to say, such care and skill as prudent and cautious men experienced in the business are accustomed to use under similar circumstances. See 25 Cyc. 1513; Erickson v. Barber, 83 Iowa, 367 (49 N. W. 838); Payne v. Halstead, 44 Ill. App. 97; Hadley v.

Cross, 34 Vt. 586 (80 Am. D. 699); Stanley v. Steele, 77 Conn. 688 (60 Atl. 640, 69 L. R. A. 561, 2 Ann. Cas. 342); McGregor v. Gill, 114 Tenn. 524 (86 S. W. 318, 108 Am. St. R. 919). Under our code the obligation of a bailor for hire, amongst other things, is "to keep the thing in suitable order and repair for the purpose of the bailment; and to warrant the right to possession, and that the thing bailed is free from any secret fault rendering it unfitted for the purposes for which it is hired." Civil Code, § 3479. Here, therefore, is a statutory declaration that due care on the part of the bailor requires him to examine the thing bailed for the purpose of seeing that it has no hidden defects which would render it unsuitable for the purposes for which it was hired. What would be ordinary care depends upon the particular business in hand, the circumstances surrounding the particular transaction, and the situation of the parties. Under our statute the bailor warrants the soundness and suitableness of the thing bailed, and is liable for any injury or damage which may result from a latent defect of which the bailee has no knowledge and the consequences of which he could not avoid by the exercise of ordinary care. Much more is it the duty of the bailor to see that the thing bailed is free from patent defects which render it unfit for the purposes for which it is hired. If the bailee knows of the defect or in the exercise of ordinary care ought to discover it, and, notwithstanding this actual or implied knowledge, he uses the thing and injury results on account of the defect, he will be held to have waived his right to claim damages, since by the exercise of ordinary care he could have avoided the consequences of the bailor's neglect. But what amount of care the bailee ought to use to discover the defect is a question of fact for the jury. It can not be said as a matter of law that simply because a piece of harness was tied with a string, the person to whom it was hired is guilty of such negligence in using it as would defeat his right to recover for damage of which the defective harness was the proximate cause. The question whether, in the exercise of ordinary care, he ought to have discovered the defect, and whether, if he had discovered it and that the harness had been repaired by means of a string, he was still guilty of negligence in using it in this condition, were both questions of fact, neither of which could be resolved against him as a matter of law.

3. Since the relation between the parties arose solely from con-

tract, the right of the plaintiff's ward to recover must depend upon whether she sustained any contractual relation with the defendants, either express or implied, so as to raise a duty on their part to use ordinary care and diligence for her care and protection. It is alleged in the petition that the plaintiff's ward was a member of his family, and that he hired the vehicle for the purpose of transporting his family; but it is nowhere alleged that the defendants knew that his ward was a member of his family, or that he intended to convey her in the vehicle. It is not even distinctly alleged that the defendants knew that he intended to transport his family, though this may be inferred from the allegations. All this is, however, immaterial. The fact that a vehicle capable of conveying several persons was hired was itself enough to put those from whom it was hired on notice that the person to whom it was let intended to convey therein persons other than himself. There was an implied agreement on the part of the owners that the vehicle might be used for the conveyance of any person whom the person to whom it was let might invite to accompany him, or at least for the carriage of members of his family for whom he was obliged to provide necessary means of travel. The plaintiff was a member of the family, under the protection of her brother who hired the vehicle, and the implied agreement that she might be transported in the vehicle raised a duty on the part of the defendants to use the same measure of diligence for her protection as for the person to whom the vehicle was let. The court erred in sustaining the demurrer.

*Judgment reversed.*