32883.   BOWYER *v.* CUMMINS.

Decided March 3, 1950.

*Ernest J. Haar,* for plaintiff·in error.

*Oliver, Oliver & Davis,* contra.

FELTON, J. ■ The court did not err in overruling the general demurrer to count one. The relationship between the defendants was that of bailor and bailee. *Harris* v. *Whitehall Chevrolet Co.,* 55 *Ga. App.* 130 (189 S. E. 392). The defendant Bowyer contends that the operating of the automobile by the defendant Cason after Cason acquired knowledge that the brakes were defective, broke the connection between Bowyer's alleged negligence and the injury, and that Cason's negligence was a superseding and the sole proximate cause of the injuries. We do not agree with this contention. It is alleged that Bowyer had actual knowledge of the defective brakes (see *Holt* v. *Eastern Motor Co.,* 65 *Ga. App.* 502, 15 S. E. 2d, 895), and it necessarily follows that Bowyer anticipated that Cason would operate the vehicle with defective brakes. *Williams* v. *Grier,* 196 *Ga.* 327

(26 S. E. 2d, 698). It cannot be said as a matter of law that Cason's operating the automobile with knowledge of the defective brakes was the sole proximate cause of the injuries. The case of *McDaniel* v. *Jones*, 58 *Ga. App.* 495 (199 S. E. 233) is distinguishable from this case in that the driver in that case was guilty of such flagrant and gross negligence as to render it the sole and proximate cause. Construing the petition against the plaintiff, as finally amended it charges as the sole proximate cause the furnishing of the automobile to Cason with knowledge of the defective brakes. However, the plaintiff would be entitled to recover if a jury finds that Bowyer's negligence combined with Cason's to constitute a contributing proximate cause, and that the negligence of Cason did not intervene so as to make it the preponderating cause. *Callahan* v. *Cofield*, 61 *Ga. App.* 780 (7 S. E. 2d, 592). Whether under the circumstances Cason should have desisted from operating the automobile after discovering the condition of the brakes, and whether his failure to do so was such a failure to exercise ordinary care as would make his act in continuing to operate the automobile with knowledge of the defective brakes the preponderating cause of the injuries is a question for a jury and cannot be determined as a matter of law under the allegations of the petition as amended.

█ The court did not err in overruling the general demurrer to count two. This count alleges a stronger case than count one in that as amended no negligence is alleged against Cason, the driver of the defendant Bowyer's automobile. No knowledge of the defective brakes is charged to Cason and the furnishing of the automobile with knowledge of the defective brakes is alleged to be the sole proximate cause of the injuries. This count makes a plain jury question on the allegations made.

There is no insistence on the exceptions to the overruling of the special demurrers.

The court did not err in overruling the general demurrer to the two counts of the petition.

*Judgment affirmed. Sutton, C. J., and Worrill, J., concur.*