33366.  HERTZ DRIV-UR-SELF STATIONS INC. *v.*
BENSON *et al.*

33367.  COWART *et al. v.* BENSON *et al.*

DECIDED APRIL 18, 1951. REHEARING DENIED MAY 18, 1951.

*Smith, Kilpatrick, Cody, Rogers & McClatchey, Ernest P. Rogers, Hoke Smith,* for Hertz Drive-Ur-Self Stations Inc.

*Lokey & Bowden, Charles M. Lokey, James F. Fickling,* for Benson.

*Luther C. Hames,* for Cowart *et al.*

SUTTON, C. J. A. O. Benson sued James K. Wallace and Wade Cowart, whom we shall refer to as the individual defendants, and Hertz Driv-Ur-Self Stations Inc., which we shall refer to as Hertz, for damages arising out of personal injuries sustained by Benson. The petition made, in substance, the following allegations: On May 22, 1948, Hertz rented to the individual defendants an automobile under an arrangement whereby the individual defendants were permitted to take the automobile and drive it where they pleased, paying Hertz a stipulated amount for each mile the automobile was driven while in their possession. Hertz had previously rented automobiles to the individual defendants under this same arrangement. The brakes on the automobile bailed to the individual defendants on May 22, 1948, were in a worn, defective and unsafe condition, and this condition of the brakes was known to Hertz, or could have been discovered by the exercise of ordinary care. This condition of the brakes rendered the automobile inherently dangerous to operate upon the public highways, and Hertz knew that the automobile was to be operated by the individual defendants upon the public highways and streets. The individual defendants operated the bailed automobile on the night of May 22, 1948, and in the early morning of May 23, 1948. At 1:30 a. m. on May 23rd, they were driving toward Marietta over the four-lane highway between Atlanta and Marietta. As they approached a curve at the intersection of the Smyrna highway, in Cobb County, Geor-

gia, they were driving at a speed greater than what was reasonable and safe, and in excess of 55 miles per hour. The driver applied the brakes as the car rounded the curve to his right, which produced a loud, screeching sound; and because of the defective condition of the brakes and the excessive speed at which the automobile was being driven, it went out of control, swerved suddenly to the right, ran off the highway and struck the plaintiff, who was standing on the shoulder of the highway, 3 feet from the edge of the paved portion. The highway at that place consisted of two concrete traffic lanes, each 18 feet wide, separated by a raised center section 3 feet wide, and there were grass-covered shoulders on both sides of the highway. As the automobile approached this intersection and curve, a dangerous place on the highway, its speed was not reduced, no warning was given of its approach, and the automobile was not under the immediate control of its driver. The highway was free and clear of traffic or any obstruction to the free passage of an automobile going toward Marietta. Hertz was negligent (a) in renting the automobile with worn, defective and unsafe brakes thereon to the individual defendants; (b) in permitting the automobile, inherently dangerous because of its worn, defective and unsafe brakes, to be operated over the public streets and highways; (c) in failing to properly inspect the automobile before renting it to the individual defendants for the purpose of seeing that it had no defects which would render it unsuitable for the purposes for which it was hired; and (d) in failing to comply with the statutory obligation of a bailor for hire to keep the automobile in suitable order and repair for the purposes of the bailment. The individual defendants were negligent (a) · in operating the automobile at the time and place alleged at a speed greater than was reasonable and safe with regard to the circumstances so as to endanger the lives, limbs and property of persons lawfully on or near the highway; (b) in operating the automobile at a dangerous rate of speed, exceeding 55 miles per hour; (c) in failing to have the automobile under immediate control; (d) in failing to reduce speed at a curve and intersection or to give warning of the approach of the automobile by horn or otherwise; (e) in operating the automobile across the center section of the highway into the opposite traffic lane and

back across the highway into the plaintiff; and (f) in operating the automobile with indifference and disregard of the rights of others, including the plaintiff, in such a manner as to injure the plaintiff. The joint and several acts of negligence of the defendants as alleged were the sole and proximate cause of the plaintiff's injuries and damage. The injuries and damage sustained by the plaintiff were alleged in detail.

The individual defendants in their answers first admitted their operation of the car with defective brakes and the rental of the defective car to them by Hertz, but they denied any negligence in their manner of operation. They made no response to the paragraphs specifying Hertz's negligence and alleging that Hertz knew the automobile was to be operated on the public highways. By amendment, they finally denied all except the jurisdictional allegations, and they denied negligence on the part of any of the defendants in the case. Hertz, in its answer, admitted only the jurisdictional allegation of the petition.

On the trial of the case, the plaintiff introduced the testimony of himself, of his son, of a deputy sheriff of Cobb County, of a person who was going toward Atlanta on the same highway when the plaintiff was injured, of a physician and surgeon who had treated the plaintiff's injuries, and of one of the individual defendants, Cowart, who was driving the bailed automobile which struck the plaintiff. The plaintiff also introduced several photographs of the highway taken at the location where the plaintiff was struck. The individual defendants offered no evidence. Hertz introduced some photographs similar to those of the plaintiff, and also tendered a photostatic reproduction of a contract in response to a notice to produce the "rental agreement under which Hertz Driv-Ur-Self Stations Inc. rented, leased or bailed to James Wallace and/or Wade Cowart a certain Chevrolet automobile (believed to be a black Chevrolet sedan, Georgia License No. EX 34271), on or about May 22, 1948." This contract was admitted in evidence. It was signed apparently by an agent for Hertz, and by James K. Wallace, as renter. It acknowledged payment of $12.15 for 83 miles travelled over a period of 14 hours, from 1:54 p. m. on May 22, 1948, to 3:42 a. m. on May 23, 1948. "Vehicle No. 271" was described as "Body Type, Sed, Make, Ch," apparently meaning a Chevrolet

sedan. The following provisions of the contract are material to this case: "In consideration of the covenants herein contained, HERTZ DRIV-UR-SELF STATIONS, hereinafter referred to as 'HERTZ,' hereby leases to the undersigned renter, upon the terms, covenants and conditions herein set out, the motor vehicles described above, hereinafter referred to as 'Vehicle.' . . . The vehicle described on the reverse side hereof shall not be operated: . . (d) By any person other than the renter who signed the rental agreement or his employer or by a person regularly employed by such renter in the usual course of his business."

The jury returned a verdict for the plaintiff against all of the defendants. The individual defendants both moved for a new trial, and their exceptions to the overruling of their motions are in this court as case number 33367. Hertz also moved for a new trial, and its exception to the overruling of its motion is here as case number 33366.

■ Special ground 4 of Hertz's motion for a new trial complains of the charge of the court to the jury that the effect of the pleadings was to put the burden of proof on the plaintiff to establish by a preponderance of the evidence that the allegations of the petition were true, except such allegations as may have been admitted in the pleadings or admitted in open court as the case was tried, and that these allegations were to be regarded as true without further proof. It is contended by Hertz that this charge was confusing and misleading, in that it had the effect of instructing the jury that the admission of negligence on Hertz's part by the two individual defendants in their answers would be accepted as true by the jury against Hertz, the other defendant.

This excerpt from the charge followed the trial judge's summary of the contentions of the parties as shown by their pleadings, and in making his summary the trial judge called the jury's attention to the amendment of the answers of the individual defendants wherein they amended their original answers by denying the allegations that the brakes were defective, which allegations had been previously admitted. The individual defendants answered the specific allegations of Hertz's negligence by stating that they were not required to answer that paragraph.

In other words, the two individual defendants first admitted the allegations in the petition that the automobile was bailed to the individual defendants with defective brakes; that the condition of the brakes could have been discovered by Hertz by the exercise of ordinary care; and that, because of the excessive speed of the automobile and its defective brakes, the car went out of control and struck the plaintiff. Then the individual defendants amended their answer by denying such allegations, and the trial judge specifically pointed this out in his charge and called the same to the attention of the jury. In these circumstances, the jury could not have been confused and misled by the charge here complained of, and ground 4 of Hertz's motion does not require reversal.

■ Ground 5 of Hertz's amended motion raises the point as to whether the court erred in refusing to give a timely written request to charge the jury that testimony with reference to certain alleged admissions of the individual defendants was not to be considered in determining Hertz's liability; that they were not to consider any statements contained in the answers of either of the individual defendants in determining Hertz's liability; that the issues with respect to Hertz's liability were found solely by the petition, the answer of Hertz, and the amendment to that answer; and that "You will resolve these issues solely on the evidence presented before you without reference to any testimony relating to any alleged admissions or statements of either of the individual defendants."

The evidence of admissions consisted of the original answers of the individual defendants, later amended, which at first admitted that the automobile was bailed to the individual defendants with defective brakes; that the condition of the brakes could have been discovered by Hertz by the exercise of ordinary care; and that, because of the excessive speed of the automobile and its defective brakes, the car went out of control and struck the plaintiff. Also, according to the testimony of the plaintiff's son and of the deputy sheriff, the defendant, Cowart, admitted to them that "the brakes jammed on him when he [Cowart] applied them," and that "he [Cowart] put on his brakes and swerved to the right into the car."

The brief of the evidence shows that Cowart testified as fol-

lows, in part: "When I saw a red flash, flare, there, I applied the brakes. When I did apply the brakes there was a loud screeching sound. I hit them once and I hit them again and then they started screeching and just went all over the road practically. . . I was pulled to the right when I put on the brakes. . . I have driven a car when the brakes were out of adjustment. When you put on the brakes on a car that the brakes are out of adjustment on, it has a tendency to slue you to one side or the other. On this particular occasion when I put those brakes on, that car swerved to the right. . . It is true that as I came around that curve I applied my brakes. I said I slapped them on twice. I really applied them. When I did apply them the brakes jammed on me and the car went out of control to the right. . . It was the man in the Hertz place that made the comment about the fact that the car had been in a wreck. They said it had been in a wreck there. He said something like this, 'And we haven't had a chance to have it fixed.' . . When we were riding back to Marietta that morning with Sheriff Bryant and the son of Mr. Benson I stated to them at that time that the reason for the accident was bad brakes. I told them that the cause of the accident was trouble with the brakes. . . I said at the time the accident happened that bad brakes caused it and I still say that now. At no time during my operation of the car before the accident did I notice anything wrong with the brakes. I never did have to apply them real quick."

The requested charge would have confused the jury by failing to distinguish between admissions in judicio and extrajudicial admissions such as constitute evidence only. This same confusion is apparent in the requested instruction not to consider any statements contained in the answers of either of the individual defendants in determining Hertz's liability; the fact that the answers were amended to change the admissions to denials is ignored in the requested charge, and the answer as finally amended contained no admissions or statements inconsistent with Hertz's position in its answer.

Furthermore, the last sentence of the requested charge, "You will resolve these issues solely on the evidence presented before you without reference to any testimony relating to any alleged

admissions or statements of either of the individual defendants," would have tended to remove from the jury's consideration the testimony of the defendant, Cowart, concerning Hertz's negligence, as set out above, or at least would have confused the jury as to what consideration could have been given to his testimony. Much of this testimony does relate to the statements or extrajudicial admissions of the defendants, as contained in their answers withdrawn by amendment and in the statement made in the presence of the plaintiff's son and of the deputy sheriff, and this testimony of Cowart, who was driving the car which struck the plaintiff, was competent against Hertz. Therefore, it was not error to refuse to give the written request to charge.

■ Special grounds 7 and 10 of Hertz's motion will be considered together in this division of the opinion. In ground 7 a lengthy excerpt from the charge of the court is set out, to the effect that if the jury reached the conclusion that the defendants, Cowart and Wallace, were engaged in a joint enterprise, they would then go into the question of whether the defendant, Hertz, was negligent as charged in the petition. This charge is alleged to be unsound as an abstract principle of law, and confusing and misleading to the jury, since it authorized the jury to consider the question of Hertz's negligence without regard to Hertz's knowledge of the joint enterprise, without regard to the terms of the contract of bailment, and regardless of whether the joint enterprise commenced before or after the time of the bailment of the automobile.

Ground 10 of Hertz's motion complains of the failure of the court to give in charge the rule that a bailor is responsible for injuries to third parties caused by a defect in the thing bailed only when the article is being used for the purpose for which it was bailed and by the person to whom it was bailed or by one whom the bailor could reasonably have anticipated would use the bailed article. There was no written request to give this charge.

It is contended that this rule is applicable because there was no evidence that Hertz rented the car to anyone other than Wallace. In other words, Hertz contends that the limit of the liability of a bailor for hire who negligently furnishes a defective

chattel extends only to injuries occurring within the scope of the bailment, and since in this case the operation of the automobile bailed by one other than the bailee was in violation of the terms of the bailment contract, Hertz should not be held liable for an injury to a third person arising out of the operation of the automobile in such manner.

Under the Code, § 12-204, one obligation of the bailor is "to warrant . . that the thing bailed is free from any secret fault rendering it unfitted for the purposes for which it is hired." In the case of *Parker v. Loving,* 13 *Ga. App.* 284, 286 (79 S. E. 77), this provision of the Code was said to be "a statutory declaration that due care on the part of the bailor requires him to examine the thing bailed for the purpose of seeing that it has no hidden defects which would render it unsuitable for the purposes for which it was hired. What would be ordinary care depends upon the particular business in hand, the circumstances surrounding the particular transaction, and the situation of the parties." While in that case it was held that the plaintiff's right to recover depended on her sustaining some contractural relation to the defendant liverymen, and an implied contractual relation was found, the duty described is that of exercising ordinary care under the circumstances so as not to injure another, and this duty is one imposed, by law and not by the contract. It has been held that the bailor furnishing an automobile with knowledge that the brakes are defective is liable for injuries to others on the highways or streets caused by his negligence when the automobile is operated by the bailee. *Bowyer v. Cummins,* 81 *Ga. App.* 118 (58 S. E. 2d, 224). That case recognizes that the bailor, entrusting an automobile to another for immediate operation, has a duty of using ordinary care to ascertain that the automobile has no hidden defects rendering it dangerous, and that this duty extends to those persons within the range of foreseeable operation of the automobile, regardless of the fact that there is no privity of contract between persons who may be injured and the bailor. Since the bailor's duty extends to persons other than the parties to the actual bailment contract, the limits of the bailor's liability are not to be determined alone by the provisions and warranties of the contract of bailment, but also by the limits imposed by the doctrine of proximate cause, that

is, whether the defendant should have foreseen the consequences of his negligence, as a natural and probable result.

Under our view of the law, the charge complained of in ground 7 of Hertz's motion was not correct, in that it allowed the jury to consider Hertz's negligence only if the jury found that Hertz rented the automobile to both of the individual defendants, or if the individual defendants were engaged in a joint enterprise. However, this charge was more favorable to Hertz than to the plaintiff, and more favorable to it than the rule suggested in ground 10 of Hertz's motion, wherein the defendant bailor's liability for injuries exists when the article bailed is being used by the person to whom it was bailed or by one whom the bailor could reasonably have anticipated would use the bailed article (See, American Law Institute, Restatement of the Law of Torts, § 338 a, and comment, pp. 1039, 1042).

The trial judge elsewhere in his charge instructed the jury that if Hertz were negligent as charged, such negligence would have to be the proximate cause or contributing cause of the plaintiff's injuries for the plaintiff to recover against Hertz. There was no evidence that the defendant, Cowart, who was operating the automobile at the time the injuries occurred, was a less competent driver than Wallace, who was the bailee of Hertz. "In order for a party to be liable as for negligence, it is not necessary that he should have been able to anticipate the particular consequences which ensued. It is sufficient, if in ordinary prudence he might have foreseen that some injury would result from his act or omission, or that consequences of a generally injurious nature might result. 21 Am. & Eng. Enc. Law (2d ed.), 487(b) ; *Henderson* v. *Nolting First Mortgage Corp.*, 184 *Ga.* 724, 737 (193 S. E. 347, 114 A.L.R. 1022) ; *Georgia Power Co.* v. *Kinard*, 47 *Ga. App.* 483 (3), 486 (170 S. E. 688)." *Williams* v. *Grier*, 196 *Ga.* 327, 337 (26 S. E. 2d, 698). In the present case, the jury was authorized to find that the defendant should have reasonably foreseen that injury might result to someone on or near the highways on which the vehicle with defective brakes was to be operated, and that is all that it was necessary for Hertz to foresee. It is not required that the exact manner in which the injury might be sustained by the plaintiff be fore-

seen. *Mitchell* v. *Schofield's Sons Co.*, 16 *Ga. App.* 686 (6), 690 (85 S. E. 978), and citations therein.

The charge complained of in ground 7 of Hertz's motion was not harmful to Hertz for any of the reasons assigned; and the charge suggested in ground 10 of Hertz's motion, but not requested in writing, was amply covered by the parts of the charge pertaining to proximate cause. These grounds are without merit.

■ Special ground 12 of Hertz's motion for a new trial complains of the trial court's allowing the individual defendants' original answers, containing admissions later withdrawn by amendment, to be introduced in evidence by the plaintiff over the objection of Hertz that this evidence constituted hearsay. The statements of Cowart and Wallace in their answers, before the same were amended by withdrawing the admissions originally contained therein, were inconsistent with the positions taken by these individual defendants in their answers as finally amended, and the original answers were admissible in evidence against them. *Lydia Pinkham Medicine Co.* v. *Gibbs*, 108 *Ga.* 138(1) (33 S. E. 945); *Alabama Mid. Ry. Co.* v. *Guilford*, 114 *Ga.* 627 (40 S. E. 794); *Mims* v. *Jones*, 135 *Ga.* 541, 544 (69 S. E. 824). The court did not err in allowing the evidence over the objection by Hertz that it was hearsay, and ground 12 of Hertz's motion is without merit.

■ While the defendant, Cowart, was a witness on the stand the plaintiff's counsel read to him the third paragraph of the petition and asked whether the statements in it were true. Counsel for Hertz objected on the ground that the question called for a conclusion of fact and of law, and the objection was overruled. In ground 13 of Hertz's motion it is averred that the question permitted the witness to testify to the conclusion that the automobile involved was jointly rented to the individual defendants.

Irrespective of whether the question called for a conclusion, testimony to the same effect was admitted in evidence without objection. For instance, Cowart testified, without objection, "This was not the first time that Wallace and I had jointly rented automobiles from Hertz." In these circumstances, ground 13 of Hertz's motion does not show reversible error.

■ The only special ground of the individual defendants'

motion for a new trial which is insisted upon complains of the charge to the effect that if the jury found the individual defendants were operating the automobile in excess of 55 miles per hour, such conduct would be negligence per se. They contend that there was no evidence to authorize the submission of this charge to the jury.

Cowart testified that he was driving "about 50 or 55" and "about 50 to 55" miles per hour, that there was a loud screeching sound when he applied the brakes, and that the car went all over the road, practically. The plaintiff and another witness also testified to the screeching sound of the brakes or tires. From this evidence and the other facts and circumstances relating to the collision in question, the jury could have formed their own opinion of the speed of the automobile and were authorized to find that the automobile was being driven at a rate above 55 miles per hour at the time in question. It was not error to give the charge complained of in the individual defendants' amended motion.

Upon a consideration of the evidence and the facts and circumstances of this case, we are of the opinion that the verdict against all three of the defendants was authorized. The trial judge did not err in overruling their motions for a new trial.

Pursuant to the act of 1945 (Ga. L. 1945, p. 232; Code, Ann. Supp., § 24-3501), requiring that the full court consider any case in which one of the judges of a division may dissent, this case was considered and decided by the court as a whole.

*Judgments affirmed in cases number 33366 and 33367. MacIntyre, P.J., Gardner, Townsend and Worrill, JJ., concur. Felton, J., dissents.*

FELTON, J., dissenting. The action in this case is predicated on the theory that Hertz Driv-Ur-Self Stations. Inc., rented the automobile in question to defendants Cowart and Wallace jointly, and both parties concede that unless this fact was proved no verdict against Hertz would have been authorized. I am of the opinion that the legal evidence admitted does not authorize such a finding. The following testimony of defendant Cowart is all the evidence touching the question of a joint rental: "You ask me if the following statements are true or not, which are

contained in paragraph three of the plaintiff's petition: 'That on or about May 22, 1948, defendant Hertz Driv-Ur-Self Stations, Incorporated, hereinafter referred to as Hertz rented to defendants Cowart and Wallace a certain 1946 black Chevrolet sedan, license number EX 34271, under an arrangement whereby said Cowart and Wallace were permitted to take said automobile and drive it wherever they pleased, paying defendant Hertz a stipulated amount for each mile the automobile was driven while in their possession.' Yes, sir, it says here it is true. You ask me if it is true, or not. I think it was a '47. I think it was a '47 black Chevrolet. Outside of that it is my statement that it is true. Wallace and I jointly paid for the use of that car on that occasion. This was not the first time that Wallace and I had jointly rented automobiles from Hertz. On previous occasions we had jointly paid for the use of them. *Wallace got that automobile from the Hertz Station here in Atlanta.* That Station is located down here on Auburn Avenue, I believe. *I never rented an automobile from the Atlanta office of Hertz Driv-Ur-Self Stations.* On this particular day in the afternoon I was riding in the car with the defendant Wallace. *Mr. Wallace rented this car from the Hertz Station here. I think he signed a rental contract for that car.* I have already testified that we both jointly paid for it. That is the way we did every time we rented a car from Hertz. As to whether I paid anything to the Hertz office there for the car or whether I paid it to Mr. Wallace for the rental—Wallace and I—I was there and paid for it there that morning when we turned it in. I don't remember just now whether he paid it up there or I did, *I later paid him my part of it. I don't recall whether I paid it to Hertz or Wallace paid it to Hertz, but we jointly paid it."* (Emphasis mine.) There are statements of conclusions by Wade Cowart in the foregoing testimony to the effect that the witness and Wallace jointly rented the automobile from Hertz but the explicit facts testified to by the witness do not authorize the conclusion or finding that there was a joint rental or that Hertz so understood it.