34582, 34583.  SOUTHEASTERN AIR SERVICE, INC. *v.* CROWELL; and *vice versa.*

DECIDED OCTOBER 2, 1953.

822

*Smith, Kilpatrick, Cody, Rogers & McClatchey, Sidney Haskins,* for plaintiff in error.

*Gambrell, Harlan, Barwick, Russell & Smith, David H. Gambrell,* contra.

WORRILL, J. ■ The defendant's general demurrer merely

raises the question of whether the petition as amended sets forth a cause of action against the defendant. Under the allegations of the petition, when the plaintiff's husband took possession of the airplane for the purpose of trying it out on a trip to Jacksonville, Florida, to ascertain whether he desired to purchase the same, there was created as between the defendant and the plaintiff's husband the relation of bailor and bailee, the bailment being one for the mutual benefit of both, in that presumably it was to the interest of both parties that the sale of the airplane to the plaintiff's husband be consummated, said bailment being for the purpose of enabling the plaintiff's husband to ascertain whether he would purchase the airplane. As was said in the recent case of *Hertz Driv-Ur-Self Stations* v. *Benson*, 83 *Ga. App.* 866, 874 (65 S. E. 2d 191): "Under the Code, § 12-204, one obligation of the bailor is 'to warrant . . . that the thing bailed is free from any secret fault rendering it unfitted for the purposes for which it is hired.' In the case of *Parker* v. *Loving*, 13 *Ga. App.* 284, 286 (79 S. E. 77), this provision of the Code was said to be 'a statutory declaration that due care on the part of the bailor requires him to examine the thing bailed for the purpose of seeing that it has no hidden defects which would render it unsuitable for the purposes for which it was hired. What would be ordinary care depends upon the particular business in hand, the circumstances surrounding the particular transaction, and the situation of the parties.' While in that case it was held that the plaintiff's right to recover depended on her sustaining some contractual relation to the defendant liverymen, and an implied contractual relation was found, the duty described is that of exercising ordinary care under the circumstances so as not to injure another, and this duty is one imposed by law and not by the contract. It has been held that the bailor furnishing an automobile with knowledge that the brakes are defective is liable for injuries to others on the highways or streets caused by his negligence when the automobile is operated by the bailee. *Bowyer* v. *Cummins*, 81 *Ga. App.* 118 (58 S. E. 2d 224). That case recognizes that the bailor, entrusting an automobile to another for immediate operation, has a duty of using ordinary care to ascertain that the automobile has no hidden defects rendering it dangerous, and that this duty

extends to those persons within the range of foreseeable operation of the automobile, regardless of the fact that there is no privity of contract between persons who may be injured and the bailor. Since the bailor's duty extends to persons other than the parties to the actual bailment contract, the limits of the bailor's liability are not to be determined alone by the provisions and warranties of the contract of bailment, but also by the limits imposed by the doctrine of proximate cause, that is, whether the defendant should have foreseen the consequences of his negligence, as a natural and probable result." The principles stated and applied in that case with respect to automobiles are no less applicable in cases involving airplanes. Under the allegations of the petition in this case, the defendant, through its agent Gilham, was bound to exercise ordinary care to ascertain whether the airplane loaned to the plaintiff's husband had any latent defect in it. What was ordinary care under the circumstances and whether ordinary care required the defendant's agent to make such an inspection of the airplane as would have revealed the particular condition of the engine which caused it to malfunction and to eventually stop running (if such condition existed at the time the airplane was loaned to the plaintiff's husband), are questions to be decided by a jury under proper instructions from the trial court. The plaintiff was one who the defendant might reasonably anticipate would come within the range of any negligence it might be guilty of in connection with the mechanical condition of the loaned airplane, and under the foregoing authority the petition stated a cause of action, and the judge of the superior court did not err in overruling the general demurrer.

Paragraphs 7(c), 7(d), 8(d), 9(a), 9(b), and 9(e) of the demurrer attack the allegations of paragraph 12(a) of the petition as amended, on the grounds that it is not shown that the defendant's agent Gilham knew that the airplane had a faulty mechanical condition, nor when or how he obtained such knowledge; that it is not shown how Gilham ought to have known of the faulty mechanical condition of the airplane, or what facts were apparent which should have given him notice thereof; and that the allegations respecting Gilham's knowledge of the faulty mechanical condition were in the alternative and constituted

only an allegation that Gilham should have known. Under the authorities quoted in the foregoing ruling on the general demurrer, it is apparent that constructive knowledge of the defective condition of the bailed chattel is sufficient. This duty of care to ascertain defects is imposed by law, and it is not necessary that the plaintiff in an action based on the failure to exercise due care in this respect allege specifically how or when the defendant or its agent obtained such knowledge or ought to have obtained it, provided it sufficiently appears from the allegations of the petition that the defendant or its agent had an opportunity to ascertain the presence of the particular defect which caused the injury. The trial court did not err in overruling the enumerated grounds of the special demurrer.

■ Paragraphs 7(a), 7(b), 7(e), 8(a), 8(b), 8(c), 8(e), 9(c), 9(d), and 9(f) of the defendant's special demurrer attack the allegations of paragraph 12(a) of the petition as amended, on the grounds that no act of negligence is set forth therein; that it is not shown that the airplane was in a faulty mechanical condition, or what that faulty mechanical condition consisted of, or how or when it occurred; that if the airplane was in a faulty mechanical condition it is not shown that it caused the plaintiff's injuries; that the allegations of that portion of the petition are a mere conclusion unsupported by any facts; and that the allegations are wholly insufficient to inform the defendant of what the plaintiff intends to show thereby.

As we see these grounds of demurrer, they, collectively at least, raise the objection that the allegations of negligence in the petition and the allegations respecting the cause of the plaintiff's injuries are too general; and these grounds of demurrer sufficiently raise the question of whether the plaintiff ought not to be required to plead with more particularity her grounds of negligence and the facts showing a causal connection between the alleged negligent acts and the injuries received. It is now well settled that general allegations of negligence are sufficient as against a general demurrer, but that where the defendant by appropriate special demurrer calls upon the plaintiff to set forth with more particularity the grounds of negligence upon which he relies, such special demurrers should be sustained and the plaintiff required to so set forth the grounds of negligence on

which he relies, or suffer having his petition dismissed. *Perkins v. Publix Theatres Corp.*, 47 *Ga. App.* 641 (3) (171 S. E. 147); *Milton* v. *Mitchell County Elec. &c. Assn.*, 64 *Ga. App.* 63 (2) (12 S. E. 2d 367); *Cook* v. *Kroger Baking &c. Co.*, 65 *Ga. App.* 141 (15 S. E. 2d 531); *Palmer Brick Co.* v. *Chenall*, 119 *Ga.* 837 (47 S. E. 329); *Hudgins* v. *Coca Cola Bottling Co.*, 122 *Ga.* 695 (1) (50 S. E. 974). As pointed out in the first division of this opinion, the petition set forth a cause of action as against a general demurrer. However, the petition does not affirmatively allege, but only inferentially alleges, that the airplane had a "faulty mechanical condition," and it nowhere appears just what that faulty mechanical condition was, nor does it appear from the petition that such faulty mechanical condition existed at the time the airplane was bailed to the plaintiff's husband, so that the defendant's agent had any opportunity to ascertain the condition, and it does not appear what specific defective condition caused the plaintiff's injuries. As stated in the cases cited above, such deficiencies in the petition are not aided by the doctrine of res ipsa loquitur, which is a rule of evidence and not of pleading. It cannot be inferred from the mere fact that the engine of the airplane quit after being operated for an hour or an hour and a half while in the sole and exclusive control of the plaintiff's husband, that the defendant was guilty of negligence, in the absence of allegations showing a specific faulty condition in the engine of the airplane, and connecting the stoppage of the engine with that faulty condition, and showing that the defendant through its agent had opportunity to correct that condition. While, as pointed out in the first division of this opinion, actual knowledge of the defective condition of the bailed chattel is not a necessary ingredient of the plaintiff's cause of action, nevertheless, in order to raise an inference of knowledge of the defective condition on the part of the defendant, the petition must at least, where properly challenged by special demurrer, show that the defendant had opportunity to know of the defective condition by showing that there was in fact a defective condition which contributed to the plaintiff's injuries and which existed at a time when the defendant would have had an opportunity to find out about it. The defendant was entitled to be informed as to just what facts the plaintiff intended to prove; and we

must hold that the trial court erred in overruling the grounds of special demurrer enumerated at the beginning of this division of the opinion.

■ Ground 10 of the demurrer attacks the allegations of paragraph 7 of the petition as being irrelevant because no causal connection is shown between the facts alleged therein and the injuries received by the plaintiff. In view of what was said in the preceding division of this opinion, we must hold that this ground of the demurrer is also meritorious. If the plaintiff by appropriate amendment can show that there was a connection between the allegations of paragraph 7 of the petition respecting the rough operation of the engine and the subsequent stoppage of the engine and the plaintiff's injuries, the allegations of paragraph 7 would become relevant and material, otherwise the paragraph should be stricken from the petition.

■ The cross-bill of exceptions complains of the ruling of the trial court in sustaining four grounds of special demurrer (numbered 3, 4, 5, and 6), attacking paragraph 11 of the petition, and in striking that paragraph from the petition. These grounds of demurrer attacked the allegations of paragraph 11, (3) because it was not shown what services were included in the term "Professional services—$49.00," nor when such services were rendered, nor the amount charged for each such service, because the statement was not itemized, and because the allegations with respect thereto were wholly insufficient to inform the defendant what the plaintiff intended to prove; (4) because it was not shown that the expenses listed therein and sought to be recovered were reasonable and necessary; and (5) because the petition shows that the plaintiff is a married woman and would not be entitled to recover for any expenses which she may have incurred, and that such expenses would be recoverable only by her husband, if at all; and (6) because it was not shown in that paragraph or elsewhere in the petition how it was incumbent upon the plaintiff to pay such medical expenses, the petition showing that the plaintiff was a married woman, and that any such expenses would be the obligation of the plaintiff's husband for which she would not be entitled to recover, and the language "which she herself paid" embodied in the paragraph is therefore irrelevant and not germane to any issue in the case.

Factitious demands by special demurrer are not favored. *Womack* v. *Central Georgia Gas Co.*, 85 *Ga. App.* 799, 807 (70 S. E. 2d 398). Ordinarily the husband is bound to furnish the necessities of life to the wife, and among such necessities are necessary medicine and hospitalization. The husband's right to recover from a tortfeasor for such items of expense is based on his obligation to furnish them. However, where, as in this case, the wife in a suit in her own name alleges that "she herself" incurred and paid such items of expense, there can be no sound reason why in fairness and justice she should not be allowed to recover therefor. Whether it was incumbent upon the plaintiff to pay such expenses or not, she has paid them, according to the allegations of the petition, and the defendant has no ground to challenge her right to recover for what she has paid out as a result of the defendant's negligence.

Paragraph 11 as amended alleged that, "As a result of the above-described injuries, plaintiff incurred the following medical expenses . . ." There follow the name of a doctor and his address and two items, one labeled "X-Ray" and the other "Professional services." These allegations sufficiently state that the expenses were reasonable and necessary, in that they allege that they were incurred *as a result of the injuries* allegedly inflicted by the defendant, and the itemization of the expenses is sufficiently minute and detailed to inform the defendant of just what the plaintiff claims she is entitled to recover, to confine her to one particular cause of action, and to enable the defendant to prepare its defense. The trial court erred in sustaining grounds 3, 4, 5, and 6 of the special demurrer, and in striking paragraph 11 from the petition.

*Judgment on the main bill of exceptions affirmed in part and reversed in part; judgment on the cross-bill of exceptions reversed. Sutton, C. J., and Felton, J., concur.*